## Village of London Mills et al. v. Fairview-London Telephone Circuit.

1. CITIES AND VILLAGES—*Granting Privileges of Streets to Telephone Company Need Not Be by Ordinance.*—Although the authority to grant telephone privileges in streets is usually exercised by ordinance, there is no decision in this state holding that such a license can be granted in no other mode.

2. SAME—*Company Given License to Operate Telephone System in Streets Has a Vested Right Therein.*—When a municipal corporation has, under statutory sanction, by ordinance or other lawful mode, authorized a telephone company to erect its poles in certain designated streets, and the company, on the faith of the license so granted, does erect them, it thereby acquires a vested right to use the designated streets so long as it conforms to the conditions of the license, and the license can not thereafter be revoked at the pleasure of the municipality. Such license having been granted and accepted, and money having been expended upon the faith of it, it is not revocable except for cause.

**Bill for an Injunction.**—Appeal from the Circuit Court of Fulton County; the Hon. George W. Thompson, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 24, 1902.

This is a suit in chancery brought by appellee to restrain appellants from interfering with appellee's telephone business and property.

The amended bill recites that on April 2, 1900, complainant presented to the president and board of trustees of the village of London Mills a petition, asking for the privilege of erecting and maintaining on the streets and alleys of said village, poles and wires for a telephone system; that on the same date, at a meeting of said board, said petition was granted; that they at once erected poles and wires, established in the village a central telephone office and connected with four other companies for telephone service for the general public, thereby expending a large sum of money and obligating themselves by contract to maintain a telephone exchange; that on the 13th day of March, 1901, the London Power and Electric Company was incorporated to conduct in said village an electric plant for light power, water works and telephone service; that on the 25th of March, 1901, the village board passed an ordinance granting to said corporation the exclusive privilege of maintaining a telephone system in the village for twenty-five years, excepting that telephone lines and centrals already established should remain immune from the effects of such exclusive grant for the period of six months; that certain members of the board of trustees of said village were interested as stockholders in said corporation at the time such exclusive privilege was granted and that the granting of such exclusive privilege franchise was in pursuance of a fraudulent scheme to crush out complainant's business and obtain a monopoly of the telephone business in said village; that in furtherance of such fraudulent scheme, the village board passed an ordinance on August 22, 1901, whereby it was attempted to revoke all other permits except the one granted to said corporation, and threatened with prosecution all persons attempting to exercise rights under other permits; that on November 7, 1901, the village board served upon complainant the following notice :

148    APPELLATE COURTS OF ILLINOIS.

VOL. 105.]   Village of London Mills v. Fairview-London Tel. Circuit.

" STATE OF ILLINOIS, )
     Fulton County,    } ss.
Village of London Mills. )

To Fairview-London Telephone Circuit and all persons, individuals and companies, owning, claiming, operating or controlling by, through or under said company, telephone poles, wires and fixtures in said village of London Mills :

By order, direction and authority of the president and board of trustees of said village of London Mills, you are hereby notified and required to remove from all of the streets and alleys, situate within the limits of the said village of London Mills, all telephone poles, telephone wires and all other telephone fixtures and appliances used, owned, controlled and operated by you, and now maintained in, on, upon, across or over any of the streets and alleys, aforesaid, of the said village of London Mills, within a period of thirty (30) days from the date of the receipt of this notice by you.

You are further notified that upon your failure to comply with the demand contained in this notice, that the said village of London Mills will take the necessary steps to remove the poles, wires, fixtures and appliances aforesaid, according to law.

Dated this 7th day of November, A. D. 1901.

                    FRANK J. DAINES,
                              Village President.
                    B. A. HILL, Village Clerk."

And that said village board are threatening to forcibly remove complainant's poles, wires and other fixtures in accordance with said notice. The bill prays that the village board and the London Power and Electric Company be enjoined from removing complainant's poles, wires or other fixtures and from in any way interfering with their telephone business. Appellants filed a demurrer to the amended bill, which was by the court overruled, and as appellants elected to stand by their demurrer, the court rendered a decree *pro confesso* against them, perpetually enjoining appellants from interfering with or removing the poles, wires or fixtures of appellee's telephone system, as contemplated by the notice above quoted. From that decree this appeal is prosecuted.

CHIPERFIELD & CHIPERFIELD and THOMAS & ROBISON, attorneys for appellants.

A. M. BARNETT, LUCIEN GRAY and M. P. RICE, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

The sufficiency of appellee's amended bill to support the decree rendered is the only serious question for our consideration. It is assigned for error that the court permitted amendments to the original bill and denied a motion of appellants to strike the amended bill from the files. But as the amendments were appropriate ones and clearly allowable under the chancery practice in Illinois, a discussion of that alleged error is unnecessary.

It is contended that the order of the president and board of trustees of the village of London Mills of April 2, 1900, granting appellee the privilege of using the streets and alleys of the village for the erection and maintenance of necessary poles and wires for a telephone circuit was void. The contention is based upon the proposition that the granting of such privilege can only be accomplished by ordinance. The statute confers upon village boards and city councils the authority to regulate the use of streets and alleys. Authority is conferred upon them to license the use of streets and alleys for telephone purposes, but the statute is silent as to the manner in which such authority may be exercised. It is a matter of common knowledge that it is usually exercised by ordinance, but we are advised of no decision of our Supreme Court or of any of the appellate courts in this state holding that such a license can be granted in no other mode. In view of the growing use of the telephone and the establishments of plants for telephone service in all the cities and villages of the state, we think it would be wise in the legislature to require the granting of telephone privileges to be by ordinance, but in the absence of such legislative requirement, we do not feel justified in holding that the granting of such privilege otherwise than by ordinance is void.

150    Appellate Courts of Illinois.

Vol. 105.]   Village of London Mills v. Fairview-London Tel. Circuit.

That the village board had no power to grant the London Power and Electric Company an exclusive privilege to operate a telephone plant is a question not open to serious controversy. The ordinance of March 25, 1901, in so far as it attempted to do so, therefore, was void. The same may be said with reference to the ordinance of August 22, 1901. The passage of those ordinances, the demand of appellee to remove their poles and wires from the streets and alleys, and other steps taken by the village board, as charged in the bill, manifested a deliberate and fraudulent intention to crush out the business of appellee and give to the London Power and Electric Company a monopoly of the telephone business at London Mills.

When a municipal corporation has, under statutory sanction, by ordinance or other lawful mode, authorized a telephone company to erect its poles in certain designated streets, and the company, on the faith of the license so granted, does erect them, it thereby acquires a vested right to use the designated streets so long as it conforms to the conditions of the license, and the license can not thereafter be revoked at the pleasure of the municipality. Such license having been granted and accepted, and money having been expended upon the faith of it, it is not revocable except for cause. When the licensee accepts, expends money and enters into possession of the streets to the extent required by the use of the poles and wires, the license becomes a binding contract between the municipality and the telephone company, and to revoke it would not only be inequitable but beyond the power of the municipality. The People ex rel. v. The Central Union Telephone Company, 192 Ill. 307; City of Belleville v. Citizens Horse Railway Co., 152 Ill. 171; City of Quincy v. Bull et al., 106 Ill. 337; Chicago Municipal Gas Light and Fuel Company v. Town of Lake, 130 Ill. 42; HudsonTelephone Co. v. Jersey City, 49 N. J. Law, 303.

There is nothing in the bill to indicate that the village board desired to revoke appellee's license because its members entertained any doubt as to the authority to grant the

license or because of any improper exercise of it.   There is
no pretense that the members of the board regarded the
exercise of the license as in any wise infringing on the
rights of the public in the use of the streets and alleys.
The attitude assumed by them concedes their authority to
grant appellee a license, but they seek to revoke it because
of the irregular mode in which it was granted.   In doing
so, they are not actuated by a desire to conserve the public
weal, but by a purpose to further the interests of a proposed
monopoly.   It was proper, therefore, to restrain the threat-
ened removal of appellee's poles and wires, and the decree
will be affirmed.